# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 24-mj-2058-DPR |
| MARCO LORIMER DENIS, | |
| Defendant. | |

## UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR A HEARING PURSUANT TO 18 U.S.C. § 3142(f)

The United States of America, through Teresa A. Moore, United States Attorney for the Western District of Missouri, and by the undersigned Assistant United States Attorney requests pretrial detention and a detention hearing pursuant to 18 U.S.C. § 3142(f)(1)(E) and § 3142(f)(2)(A). At this hearing, the evidence will demonstrate that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community.

### Supporting Suggestions

1. Title 18, United States Code, Section 3142(f)(1)(E) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and if the case is one that involves the possession or use of a firearm, including domestic violence misdemeanant in possession of firearm in violation of 18 U.S.C. § 922(g)(9).

2. The statute recognizes two additional situations which allow for a detention

hearing, and which can be raised either by the attorney for the Government or by a judicial officer. These conditions are:

    a. When there is a serious risk that the defendant will flee; or,

    b. When there is a serious risk that the person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) and (B).

3. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the statute exists in the above cause, to wit: this matter involves a domestic violence misdemeanant in possession of a firearm. Further, there is a serious risk that the defendant's release will present a substantial risk to the community.

4. Moreover, the nature and circumstances of the charged offense, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. In assessing danger to the community, the inquiry is not limited only to the risk of physical violence but can also include the danger of continued criminal activity. *See United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990).

5. The Government is aware of the following evidence:

    a. In relation to the nature and circumstances of the offense charged, on July 26, 2024, a complaint was filed in Case No. 24-mj-2058-DPR, charging the defendant with one count of domestic violence misdemeanant in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

b. In relation to the weight of the evidence supporting the charge in the Complaint, the Government would reincorporate the facts set forth in the affidavit in support of the criminal complaint, and offer the following:

A Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Task Force Officer ("TFO") conducted firearm traces of the firearms located in Marco DENIS's residence. Two of the firearms were purchased by DENIS from Anchor Tactical Supply, Inc., a federal firearm licensee ("FFL").

The TFO obtained the ATF Firearms Transaction Record ("Form 4473") from Anchor Tactical Supply, Inc., for the Canik firearm purchased by DENIS. The form was filled out by DENIS, and signed on December 20, 2020. DENIS provided his Missouri driver's license, and a copy of that license was included with the form. Question 11 asked for DENIS's place of birth, and DENIS wrote "Springfield, MO." Question 21.i. of ATF Form 4473 asked, "Have you ever been convicted in any court of a misdemeanor crime of domestic violence, or are you or have you even been a member of the military and been convicted of a crime that included, as an element, the use of force against a person as identified in the instructions?" DENIS marked "No." Further, above DENIS's signature, the following statement was in bold, "**I certify that my answers in Section B are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 21.a. if I am not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 21.b through 21.k. is prohibited from receiving or possessing a firearm. I understand that a person who answers "yes" to question 21.l.1 is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 21.l.2 and provides the documentation required in 26.d. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law.**"

The TFO obtained the Form 4473 from Anchor Tactical Supply, Inc. for the Sig Sauer firearm purchased by DENIS. The form was filled out by DENIS, and signed on January 14, 2021. DENIS provided his Missouri driver's license, and a copy of that license was included with the form. Question 11 asked for DENIS's place of birth, and DENIS wrote that he was born in a foreign country, and specified, "Haiti." Question 21.i. of ATF Form 4473 asked, "Have you ever been convicted in any court of a misdemeanor crime of domestic violence, or are you or have you ever been a member of the military and been convicted of a crime that included, as an element, the use of force against a person as identified in the instructions?" DENIS marked "No." Further, above DENIS's signature, the following statement was in bold, "**I certify that my answers in Section B are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 21.a. if I am**

**not the actual transferee/buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 21.b through 21.k. is prohibited from receiving or possessing a firearm. I understand that a person who answers "yes" to question 21.l.1 is prohibited from receiving or possessing a firearm, unless the person answers "yes" to question 21.l.2 and provides the documentation required in 26.d. I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law**."

On August 21, 2024, ATF seized another firearm from DENIS's place of business.

      c.    In relation to the history and character of the defendant, the defendant has convictions for domestic assault in the third degree, and sexual misconduct in the second degree. Further, the defendant is the suspect in multiple criminal investigations.

    In late 2020, the defendant was investigated for brandishing firearms at individuals who were on the parking lot of his business. 911 calls corroborated the victims' allegations that the defendant pointed or brandished firearms at the victims.

    In July 2024, the defendant was charged with domestic assault in the first degree for attempting to cause serious physical injury to Victim 1 by strangling Victim 1, domestic assault in the first degree for attempting to cause serious physical injury to Victim 1 by pulling out Victim 1's hair, domestic assault in the third degree for knowingly causing physical pain to Victim 1 by striking Victim 1, and kidnapping in the first degree of Victim 1 in the Greene County, Missouri, Circuit Court, in Case No. 2431-CR02811-01. On August 9, 2024, an amended

felony complaint was filed against the defendant charging with domestic assault in the first degree for knowingly causing serious physical injury to Victim 1 by beating her, domestic assault in the second degree for grabbing Victim 1, and kidnapping in the first degree of Victim 1, and felony charges of tampering with physical evidence in relation to the destruction of an iPhone, an Apple Watch, and Signature Visa card. *See* Attachments A and B.

6. Given the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, the history and characteristics of the defendant, the defendant's flight risk, and the danger to the community posed by the defendant's release, the United States submits that there is clear and convincing evidence that there are no conditions that would reasonably assure the defendant's appearance in court or the safety of the community. See 18 U.S.C. §3142(f) and §3142(g).

**WHEREFORE**, the United States requests a pretrial detention hearing and that Defendant be detained pending trial.

        Respectfully submitted,
        Teresa A. Moore
        United States Attorney

By   */s/ Stephanie L. Wan*
      Stephanie L. Wan
      Assistant United States Attorney
      Missouri Bar No. 58918
      901 St. Louis Street, Ste. 500
      Springfield, Missouri 65802

## *CERTIFICATE OF SERVICE*

      The undersigned hereby certifies that a copy of the foregoing was delivered on the 22nd day of August, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                    */s/ Stephanie L. Wan*
                                    Stephanie L. Wan
                                    Assistant United States Attorney

Page **6** of **6**

Case 6:24-cr-03099-BCW    Document 7    Filed 08/22/24    Page 6 of 6