IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 6:24-CR-03099-BCW-1 |
| MARCO LORIMER DENIS, | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Magistrate Judge David P. Rush's Report and Recommendations (Doc. #47) concerning Defendant's motion to declare the charging statute unconstitutional. (Doc. #34).

On October 7, 2024, Defendant filed a motion to declare the charging statute, 18 U.S.C. § 922(g)(9), unconstitutional and dismiss the indictment. (Doc. #34). On December 27, 2024, Judge Rush issued the instant Report and Recommendations denying Defendant's motion. (Doc. #47). Defendant objected to the Report and Recommendations on January 10, 2025. (Doc. #50).

The Court, after an independent review of the record and the applicable law, adopts the Magistrate's Report and Recommendations. Accordingly, it is hereby

ORDERED that the Magistrate's Report and Recommendations be attached to and made part of this Order (Doc. #47). It is further

ORDERED Defendant's motion to declare the charging statute unconstitutional (Doc. #34) is DENIED for the reasons stated in the Report and Recommendations.

IT IS SO ORDERED.

Dated: January 28, 2025          /s/ Brian C. Wimes
                                 JUDGE BRIAN C. WIMES
                                 UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 24-03099-01-CR-S-BCW |
| MARCO LORIMER DENIS | ) ) ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATIONS**

Before the Court is Defendant's Motion to Declare Charging Statute Unconstitutional. (Doc. 34.) This action has been referred to the undersigned for the purpose of submitting a report on all pretrial motions to dismiss. As follows, it is **RECOMMENDED** that the Motion be **DENIED**.

**I.  Background**

Defendant has been charged by indictment with one count of possession of a firearm by a domestic violence misdemeanant, in violation of 18 U.S.C. § 922(g)(9), and two counts of false statement during the purchase of a firearm, both in violation of 18 U.S.C. § 922(a)(6). (Doc. 13.) In his motion, Defendant asks the Court to dismiss the indictment, arguing that "18 U.S.C. § 922(g)(9) is unconstitutional." (Doc. 34 at 1.) Specifically, Defendant argues that "18 U.S.C. § 922(g)(9) is in violation of Defendant's rights pursuant to the Second Amendment to the United States Constitution's protection of the right to keep and bear arms." *Id.* Additionally, Defendant argues that the statute is unconstitutional "in that it is void for vagueness, pursuant to the due process clause of the Fifth Amendment to the United States Constitution." *Id.* Finally, Defendant argues that "pursuant to the due process clause of the Fifth Amendment to the United States

1

Constitution, [§ 922(g)(9)] is overbroad." *Id.* Although Defendant is only charged under § 922(g)(9) in count one, Defendant submits that should the Court agree with his arguments, the entire indictment should be dismissed as counts two and three "are dependent on 18 U.S.C. § 922(g)(9) being found to be constitutional in that they require that the Defendant knew he was a prohibited person and that his prior conviction for third degree domestic assault was a 'misdemeanor crime of violence.'" *Id.* at 2.

For the purposes of this Motion, the parties agree that Defendant pled guilty to domestic assault in the third degree in violation of Revised Missouri Statute Section 565.074, in Case. No. 31302CM12659. (Gov. Ex. 1.) Specifically, they agree that he pled guilty to recklessly causing physical injury to C.D. by pulling her hair, and C.D. and Defendant were adults who had a child in common.[1] *Id.*

II. **Discussion**

   a. **18 U.S.C. § 922(g)(9) Does Not Violate the Second Amendment, Either Facially or As Applied to Defendant.**

First, Defendant contends that 18 U.S.C. § 922(g)(9) is unconstitutional facially and as applied to his case. (Doc. 34.) Section 922(g)(9) prohibits anyone "who has been convicted in any court of a misdemeanor crime of domestic violence" from shipping, transporting, possessing, or receiving any firearm or ammunition. Defendant argues that his conduct is protected by the plain text of the Second Amendment, and that he is "unaware of any historical law that imposed a comparable burden on the Second Amendment right of those convicted of a 'misdemeanor crime of domestic violence' to keep and bear arms." (Doc. 34 at 7). A facial challenge is the "'most

---

[1] Defendant refers to this conviction in his Motion: "The Defendant's misdemeanor domestic assault in the third degree conviction is from 2003. The Defendant pled guilty to a Misdemeanor Information alleging that he 'recklessly' caused physical injury to the alleged victim by 'pulling her hair.'" (Doc. 34 at 12.)

2

difficult challenge to mount successfully,' because it requires a defendant to 'establish that no set of circumstances exists under which the Act would be valid.'" *United States v. Rahimi*, 602 U.S. 680, 693 (2024) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987). To prevail, the Government need only demonstrate that § 922(g)(9) is constitutional in some of its applications. Rather than addressing the facial and as applied challenged separately, both challenges can be disposed with simultaneously, because here, the statute is constitutional as applied to the facts of Defendant's own case.² *See United States v. Rahimi*, 602 U.S. 680, 693 (2024) (holding that 922(g)(8) is not facially unconstitutional because it was constitutional as applied to the defendant).

The Second Amendment provides that "[a] well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. In *New York State Rifle & Pistol Association, Inc. v. Bruen*, the Supreme Court held, as it did in preceding cases *District of Columbia v. Heller* and *McDonald v. City of Chicago, Ill.*, that the Second Amendment "protect[s] an individual's right to carry a handgun for self-defense outside the home." 597 U.S. 1, 8 (2022); *see also Heller*, 554 U.S. 570, 580–81 (2008) (holding that there is a "strong presumption that the Second Amendment right is exercised individually and belongs to all Americans" not just an "organized militia"); *McDonald*, 561 U.S.

---

² *United States v. Turner* held that a trial on the merits needed to be held before a district court could rule on the defendant's as-applied vagueness challenge. 842 F.3d 602, 605 (8th Cir. 2016) However, *Turner* does not bar the pretrial resolution of Defendant's as-applied challenges here. Federal Rule of Criminal Procedure 12(b)(1) permits parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *Id.* "The district court must rule on such a motion before trial unless there is 'good cause to defer a ruling' and deferral will not 'adversely affect a party's right to appeal.'" *Id.* In *Turner*, the Court had to resolve "factual issues related to [the defendant's] alleged offense, such as the extent of his drug use" to resolve the motion. *Id.* Here, a trial on the merits would be of no assistance in determining the validity of the motion. For the purposes of this motion, the parties do not contest the fact that Defendant pled guilty to misdemeanor domestic violence in the third degree. No additional facts are necessary to resolve this motion. Because there is no good cause to defer a ruling, the undersigned will address Defendant's as-applied challenges.

3

742, 789–91 (2010) (holding "that the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*").

In *Bruen*, the Court set forth an approach consistent with *Heller* to determine the constitutionality of a statute under the Second Amendment. First, a court must ask whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 17. If so, "the Constitution presumptively protects that conduct," and the analysis continues to the second prong. *Id.* "The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* "Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* (cleaned up).

In *Rahimi*, the Supreme Court elaborated on its holding in *Bruen*, stating that "why and how the regulation burdens the right [to bear arms] are central to this inquiry." *United States v. Rahimi*, 602 U.S. 680, 692 (2024). The Court explained that "if laws at the founding regulated firearm use to address particular problems, that will be a strong indicator that contemporary laws imposing similar restrictions for similar reasons fall within a permissible category of regulations." "The law must comport with the principles underlying the Second Amendment, but it need not be a "dead ringer" or a "historical twin." *Id.* (quoting *Bruen*, 597 U.S. at 30). In *Rahimi*, the Supreme Court held that § 922(g)(8)(C)(ii), which bars an individual from possessing a firearm if his restraining order "prohibits the use, attempted use, or threatened use of physical force," did not violate the Second Amendment. *Id.* at 693. In support, the Court cited founding era surety and going armed laws. *Id.* at 968. "Taken together, the surety and going armed laws confirm what common sense suggests: When an individual poses a clear threat of physical violence to another, the threatening individuals may be disarmed." *Id.* Though § 922(g)(8)(C)(ii) is "by no means

4

identical to these founding era regimes," the Court held that "its prohibition on the possession of firearms by those found by a court to present a threat to others fits neatly within the tradition the surety and going armed laws represent." *Id.*

In light of the holdings in *Heller*, *Bruen*, and *Rahimi*, the constitutionality of § 922(g)(9) was specifically addressed by the Sixth Circuit recently. In *United States v. Gailes*, the Sixth Circuit held that 18 U.S.C. § 922(g)(9) was facially constitutional. 118 F.4th 822, 824 (6th Cir. 2024). In so holding, the court concluded that, considering *Rahimi*, "the government must identify a 'historical analogue,' not a 'historical twin,' to the challenged regulation." *Id.* at 822 (citing *Rahimi*, 602 U.S. at 692). The *Gailes* Court determined that the founding-era surety and going armed laws cited in *Rahimi* to uphold the constitutionality of § 922(g)(8)(C)(ii) could be cited to uphold § 922(g)(9), given the similarities between the two statutes. 118 F.4th at 828. The Sixth Circuit held that the caselaw establishes "the constitutionality of modern firearms regulations targeting those who pose[] a clear threat of violence to another." *Id*. "[I]f someone who is merely accused of committing domestic violence can be disarmed without offending the Second Amendment, then *a fortiori* someone with a valid conviction can also be disarmed." *Id.* at 829. "Because there are numerous domestic-violence misdemeanors that do involve violent, physical contact, our Nation's history and tradition support our conclusion that § 922 (g)(9) is constitutional in some of its applications." *Id.*

The Sixth Circuit's holding in *Gailes* is consistent with the Eighth Circuit's post-*Rahimi* holdings in cases addressing the constitutionality of other § 922 offenses. In *United States v. Jackson*, the Eighth Circuit held that the prohibition on felons possessing firearms did not violate the Second Amendment as applied, even if the felony was a non-violent drug offense, because "history supports the authority of Congress to prohibit the possession of firearms by persons who

5

have demonstrated disrespect for the legal norms of society." *United States v. Jackson*, 110 F.4th 1120, 1127 (8th Cir. 2024). *See also United States v. Mull*, 113 F.4th 864, 868 (8th Cir. 2024) (Mull's argument that his felon-in-possession convictions violates his Second Amendment rights was foreclosed by Eighth Circuit precedent); *United States v. Cunningham*, 114 F4th 671, 675 (8th Cir. 2024) (Cunningham's assertion that the Second Amendment guaranteed his right to possess a firearm because neither of his felony convictions were violent was foreclosed by *Jackson*).

Defendant asserts that he is "unaware of any historical law that imposed a 'comparable burden' on the Second Amendment right of those convicted of a 'misdemeanor crime of domestic violence" to keep and bear arms." Defendant adds that the Government "certainly cannot show a comparable burden to reckless hair pulling[.]" (Doc. 34 at 7.) Defendant cites a handful of cases in support of his position, the first being *United States v. Brunner*, a case out of the District Court for the Southern District of Illinois. 728 F. Supp. 3d 935 (S.D. Ill. 2024). In *Brunner*, the court found that § 922(g)(1) was unconstitutional, facially and as applied. *Id.* at 942. Defendant also identified other district courts that have found 18 U.S.C. § 922(g)(1) and other sections (not including § 922(g)(9)) to be unconstitutional. (Doc. 34 at 5.) However, the Eighth Circuit's holding in *United States v. Jackson* directly contradicts the holding in *United States v. Brunner,* and the Eighth Circuit's position that history supports the disarmament of those who "demonstrated disrespect for the legal norms of society" is not consistent with the reasoning used in the out-of-circuit cases cited by Defendant.

Here, Defendant is charged with violating 18 U.S.C. § 922(g)(9), which prohibits anyone "who has been convicted in any court of a misdemeanor crime of domestic violence" from shipping, transporting, possessing, or receiving any firearm or ammunition. The Government alleges that Defendant pled guilty to domestic assault in the third degree. Specifically, that he pled

6

guilty to recklessly causing physical injury to C.D. by pulling her hair. At the time Defendant allegedly pled guilty, domestic assault in the third degree was a class A misdemeanor in Missouri. (Gov. Ex. 1.)

Proceeding under the *Bruen* framework, a court first must determine whether the plain text of the Second Amendment covers an individual's conduct. 597 U.S. at 24. In *Jackson*, the Eighth Circuit, without analysis, assumed that the Second Amendment's text covered the defendant's conduct. 110 F.4th at 1126. In that case, the defendant was a convicted felon, and a firearm was found on his person after he fled from police officers. *Id.* at 1122. In *Rahimi*, the Supreme Court did not address whether the defendant's conduct was covered by the text of the Second Amendment. The *Gailes* court deduced that the Supreme Court's silence on the issue in *Rahimi* meant that "possessing a firearm, even while subject to a domestic violence restraining order, is protected conduct and that individuals subject to such orders are among 'the people' who enjoy this right." *Gailes*, 118 F.4th at 826. "If people subject to a domestic-violence restraining order and felons are among 'the people' protected by the Second Amendment, so are domestic-violence misdemeanants []." *Id.* If domestic-violence misdemeanants are a part of "the people" protected by the Second Amendment despite their convictions, then the Second Amendment presumptively protects their right to possess firearms. *Id.* Here, Defendant possessed firearms as a domestic violence misdemeanant. He is a part of "the people" covered by the text of Second Amendment, and his conduct is presumptively protected by the Second Amendment.

Because the text of the Second Amendment covers Defendant and his conduct, the Government must demonstrate that § 922(g)(9) "is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17. The undersigned finds that the Government met this burden. As demonstrated by surety and going armed laws that existed at the time of the founding,

7

modern firearms regulations targeting those who pose a clear threat of violence to another do not violate the Second Amendment. *Gailes*, 118 F.4th 822, 828 (6th Cir. 2024). Those convicted of domestic violence misdemeanors pose a clear threat of violence to other people. Scholars agree that the recidivism rate for domestic violence offenders is high. *See id.* at 829 (citing and discussing scholarship on domestic violence recidivism). Moreover, "domestic violence often escalates in severity over time, and the presence of a firearm increases the likelihood that it will escalate to homicide. *Id.* (quoting *United States v. Castleman*, 572 U.S. 157, 160 (2014)). "All too often," the Supreme Court has recognized, "the only difference between a battered woman and a dead woman is the presence of a gun." *Castleman*, 572 U.S. at 159–160. Additionally, in *Jackson*, the Eighth Circuit concluded that history supports the disarmament of those who deviated from legal norms, even if they do not demonstrate a propensity for violence. *United States v. Jackson*, 110 F.4th 1120, 1127 (8th Cir. 2024).

Defendant was allegedly convicted of misdemeanor domestic violence. He allegedly pled guilty to "recklessly caus[ing] physical injury to [the mother of his child] by pulling her hair." (Gov. Ex. 1.) Defendant's conviction demonstrates that he poses a threat of violence against others, or at the very least that he has deviated from legal norms. Defendant's conviction under § 922(g)(9) is consistent with this Nation's historical tradition of firearms regulation. Thus, § 922(g)(9) is constitutional both facially and as applied to Defendant and his conduct. Defendant's claim that the indictment should be dismissed as violative of the Second Amendment fails.

### b. 18 U.S.C. § 922(g)(9) is Not Void for Vagueness

Second, Defendant contends that "18 U.S.C § 922(g)(9) is void for vagueness, pursuant to [the] due process clause of the Fifth Amendment, because the phrase 'misdemeanor crime of domestic violence' is vague, both on its face and in is application by the Government to the

8

Case 6:24-cr-03099-BCW     Document 56     Filed 02/28/25     Page 9 of 13

Defendant in this context, as the statute fails to provide fair warning of prohibited conduct and, more importantly, impermissibly fails to establish standards for the police and public that sufficiently guard against the arbitrary deprivation of liberty." (Doc. 34 at 8.) Here, § 922(g)(9) cannot be facially unconstitutionally vague because it is not vague as applied to the Defendant's own case.[3] "Misdemeanor crime of domestic violence" is defined as an offense that –

> (i) is a misdemeanor under Federal, State, Tribal, or local law; and
>
> (ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, by a person similarly situated to a spouse, parent, or guardian of the victim, or by a person who has a current or recent former dating relationship with the victim.

18 U.S.C. 921(a)(33).

"To determine whether a criminal statute meets a vagueness challenge, we must assess 'whether men of common intelligence must necessarily guess at its meaning and differ as to its application.'" *United States v. Smith*, 171 F.3d 617, 622 (1999) (quoting *Planned Parenthood of Minn. v. Minnesota*, 910, F.2d 479, 482 (8th Cir. 1990) and *Baggett v. Bullitt*, 377 U.S. 360, 367 (1964)). "We are concerned about criminal statutes that lead to 'arbitrary and erratic arrests and convictions." *Smith*, 171 F.3d at 622–623 (quoting *United States v. Donahue*, 948 F.2d 438, 441 (8th Cir. 1991)).

The Eighth Circuit has held that § 922(g)(9) is not unconstitutionally vague. *United States v. Hutzell*, 217 F.3d 966, 968–969 (8th Cir. 2000). "[A]n individual's domestic violence conviction should itself put that person on notice that subsequent possession of a gun might well be subject to regulation." *Id.* "[I]t should not surprise anyone that the government has enacted legislation in

---

[3] For the reasons discussed in footnote 2, the Court will address Defendant's as-applied vagueness challenge.

9

an attempt to limit the means by which persons who have a history of domestic violence might cause harm in the future. *Id.* (quoting *United States v. Beavers*, 206 F.3d 706, 710 (6th Cir.2000)). Here, the Government alleges that Defendant was convicted of misdemeanor domestic assault in the third degree, and that alleged conviction should itself put Defendant on notice that his subsequent possession of a gun might well be subject to regulation. Thus, § 922(g)(9) is not unconstitutionally vague as applied to Defendant.

Additionally, Defendant suggests that the phase "misdemeanor crime of domestic violence" itself is vague, stating that "[t]he United States Supreme Court has vacillated greatly on how [the] definition of the phrase 'misdemeanor crime of domestic violence' is to be interpreted." (Doc. 34 at 14.) He then asks, "do *all* misdemeanor assault convictions for reckless conduct trigger the statutory firearms ban? Even the reckless hair-pulling ones?" (Doc. 34 at 14–15.) The Supreme Court clearly stated in *Voisine v. United States* that "a reckless domestic assault qualifies as a 'misdemeanor crime of domestic violence' under 922(g)(9). Congress defined that phrase to include crimes that necessarily involve the 'use … of physical force.' Reckless assaults, no less than the knowing or intentional ones […], satisfy that definition." 579 U.S. 686, 692 (2016).

Defendant also suggests that because the Supreme Court in *United States v. Castleman* left open the possibility that § 922(g)(9) may not cover reckless applications of force, Defendant could not have known that his conduct was covered by § 922(g)(9) (Doc. 34 at 14.) However, *Castleman* was decided in 2014, two years before *Voisine,* where the Court unequivocally resolved this question. He also notes that two Justices dissented in *Voisine*, asking "[a]re we to expect that the Defendant was to know what United States Supreme Court Justices did not?" The fact that the Supreme Court did not unanimously decide how § 922(g)(9) should be interpreted does not make it unconstitutionally vague. In 2016, *Voisine* clearly established that reckless domestic assault

qualifies as a "misdemeanor crime of domestic violence," and Defendant's ignorance of the law is not a defense.

Defendant also argues that "it is quite clear that that [he] was unaware that he would be considered by the Government to have a prohibitive status with regard to firearms possession." (Doc. 34 at 17). Defendant cites *Rehaif v. United States*, which states, "To convict a defendant, the Government [] must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 588 U.S. 225, 227 (2019). As applied to this case, *Rehaif* requires that the Government prove both that Defendant knew that he possessed a firearm, and that he knew that he had a conviction for a "misdemeanor crime of domestic violence." His status as a domestic violence misdemeanant is the "relevant status" of which the Government must prove Defendant's knowledge. *Rehaif* does not support the proposition, as Defendant suggests, that the Government must prove that Defendant knew that his status as a domestic violence misdemeanant barred him from possessing a firearm. Additionally, what the Defendant did or did not know is a question of fact to be determined at trial.

For the foregoing reasons, 922(g)(9) is not unconstitutionally vague, and Defendant's claim that the indictment should be dismissed for vagueness in violation of the Fifth Amendment fails.

### c. 18 U.S.C. § 922(g)(9) is Not Overbroad

Finally, Defendant contends that "18 U.S.C. § 922(g)(9) prohibits both unlawful and lawful conduct and is therefore overbroad." (Doc. 34 at 21). Defendant continues, "[s]hould the Court find that some 'misdemeanor crimes of domestic violence'" lawfully warrant the loss of an individual's right to bear arms, certainly the phrase should not include conduct such as the Defendant's prior conduct here, to wit: reckless hair pulling."

As discussed above, § 922(g)(9) is constitutional as applied to Defendant and his conduct. Even if § 922(g)(9) would be unconstitutional as applied to others, no circuit has accepted an overbreadth challenge in the Second Amendment context. *United States v. Chester*, 514 F. App'x 393, 395 (4th Cir. 2013). Additionally, an individual to whom a statute was constitutionally applied cannot "challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the court. *Id.* (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973)). Because § 922(g)(9) was constitutionally applied to Defendant, his claim that the statute is overbroad fails.

### III. Conclusion

For the foregoing reasons, as to Defendant's Motion to Declare Charging Statute Unconstitutional, it is hereby **RECOMMENDED** that the motion be **DENIED**.

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: December 27, 2024