IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 24-03099-01-CR-S-BCW |
| MARCO LORIMER DENIS, | |
| Defendant. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by R. Matthew Price, United States Attorney, and Stephanie L. Wan and Casey Clark, Assistant United States Attorneys, and the defendant, Marco Lorimer Denis ("the defendant"), represented by Stacie Bilyeu and Joseph Passanise.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to Count 1 of the Superseding Information, charging him with a violation of 18 U.S.C. § 922(g)(9), that is, domestic violence misdemeanant in possession of a firearm. The defendant also agrees to and hereby does plead guilty to Count 2 of the Superseding Information, charging him with a

violation of 26 U.S.C. § 7206(1), that is, filing a false tax return. By entering into this plea agreement, the defendant admits that he knowingly committed these offenses, and is, in fact, guilty of these offenses.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

## Count 1

On December 27, 2012, Marco DENIS attempted to purchase a Stoeger Arms pistol from Academy Sports + Outdoors ("Academy"), 610 El Camino Alto Drive, Springfield, Greene County Western District of Missouri. As part of that transaction, he filled out an ATF Firearms Transaction Record ("Form 4473"). Section A of the form was filled out by DENIS, and signed on December 27, 2012. DENIS provided his Missouri driver's license, and his license number was included in Section B of the form. The form was also signed by an employee with Academy as the transferor/seller, and had the employee's signature. Question 3 asked for DENIS's place of birth, and DENIS wrote "Haiti." Question 11.i. of ATF Form 4473 asked, "Have you ever been convicted in any court of a misdemeanor crime of domestic violence?" DENIS initially marked "Yes," and then crossed it out and marked, "No." He then initialed next to the box. Above DENIS's signature, the following statement was in bold, in pertinent part, "**I certify that my answers in Section B are true, correct, and complete. I have read and understand the Notices, Instructions, and Definitions on ATF Form 4473. I understand that answering "yes" to question 11.a. if I am not the actual buyer is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I understand that a person who answers "yes" to any of the questions 11.b through 11.k. is prohibited from purchasing or receiving a firearm . . . I also understand that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction, is a crime punishable as a felony under Federal law, and may also violate State and/or local law. I further understand the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law.**" The NICS check resulted in an immediate denial, and Academy Sports refused to transfer the firearm to DENIS.

During a domestic violence investigation, a detective with the Springfield, Missouri, Police Department ("SPD") executed multiple state search warrants at DENIS's residence, located at 2620 South Skyline Drive, Springfield, Greene County, Western District of Missouri, on July 15 and 16, 2024. During the service of those search warrants, the following firearms were seized:

a. A Standard Manufacturing, model DP-12, 12-gauge, pump-action shotgun, bearing serial number DP04691.

b. A Maverick by Mossberg, model 88, 12-gauge, pump-action shotgun, bearing serial number MV14929L.

c. A Ruger, model SR22, .22 caliber, semi-automatic pistol, bearing serial number 36450684.

d. A Smith & Wesson, model SW40VE, .40 caliber semi-automatic pistol, bearing serial number PBR4832.

e. A Canik, model TP9 Elite Combat, 9mm, semi-automatic pistol, bearing serial number 20BN16825.

f. A Sig Sauer, model P226 Elite, 9mm, semi-automatic pistol, bearing serial number 47A114229.

g. A Bersa, model Thunder 380 CC, .380, semi-automatic pistol, bearing serial number F77954.

h. A Charter Arms, model Pathfinder, .22 caliber revolver, bearing serial number 1411828.

The Maverick model 88, the Smith & Wesson model SW40VE, the Canik model TP9 Elite Combat, and Bersa model Thunder 380 CC firearms were all located in a safe in a spare bedroom closet. The Ruger model SR22 and Charter Arms model Pathfinder firearms were located in opposing nightstands on each side of the bed in the master bedroom. The Sig Sauer model P226 was located in the driver's side door panel of a black Cadillac Escalade bearing Missouri license plate 7YEU57, registered to DENIS. The Standard Manufacturing model DP-12 was located on a shelf in the spare closet that also contained a safe. Multiple items belonging to DENIS were located in the residence, including credit cards found in the living room, business cards found in the master bedroom, and mail addressed to DENIS that was located in a safe. A general bill of sale for the Ruger S22 was also located during the search. The bill of sale listed DENIS as a buyer of a Ruger SR22, with a serial number of 36450684, and the seller being "Lanty TYLER." The general bill of sale was dated February 24, 2015. A receipt for the Canik model TP9 Elite Combat with serial number 20BN16825, dated December 17, 2020, was taped to the gun case containing the Canik firearm. The receipt was from Anchor Tactical Supply, LLC, and read "Bill To: marco denis." Finally, a City Utilities check showed that DENIS was the person paying utilities at 2620 South Skyline Drive.

On July 17, 2024, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Task Force Officers ("TFO") examined all eight firearms seized from DENIS's residence and determined that they were all firearms under the Gun Control Act of 1968, and all appeared to be in working condition.

The TFO provided the descriptions and photographs of the eight firearms to an ATF Firearms Interstate Nexus Expert and Special Agent ("SA"). Based upon the information provided to the

SA, he determined that none of the above-mentioned firearms were manufactured in the State of Missouri, thus they would have had to travel in interstate and/or foreign commerce to arrive in the State of Missouri and before or during the time the firearms were possessed by DENIS.

The TFO determined that the Standard Manufacturing, model DP-12, 12-gauge, pump-action shotgun, bearing serial number DP04691, was originally purchased by B.S., and B.S. purchased the firearm on November 6, 2015. B.S. confirmed he sold the firearm to DENIS approximately four years prior in a personal sale.

The TFO received the ATF Firearms Transaction Record ("Form 4473") from Anchor Tactical Supply, Inc., 2346 South Campbell Avenue, Springfield, Greene County, Missouri, also within the Western District of Missouri, confirming that DENIS was the original purchaser of the Canik pistol and he was transferred the firearm on December 17, 2020.

The TFO received the ATF Firearms Transaction Record ("Form 4473") from Anchor Tactical Supply, Inc., 2346 South Campbell Avenue, Springfield, Greene County, Missouri, also within the Western District of Missouri, which confirmed that DENIS was the original purchaser of the Sig Sauer pistol and was transferred the firearm on January 22, 2021.

On or about April 30, 2003, DENIS pled guilty to the misdemeanor offense of domestic assault in the third degree by recklessly causing physical injury to the victim by pulling her hair, in the Circuit Court of Greene County, Missouri, in Case No. 31302CM12659. At the time of the domestic assault, the defendant and his victim were adults who had a child in common. He was represented by an attorney at his plea. He was sentenced to 120 days imprisonment, with the sentence suspended, and he was placed on 2 years of probation. DENIS admits that he knowingly possessed firearms when he knew he had been convicted of a misdemeanor crime of domestic violence.

## Count 2

At all times relevant, the defendant, Marco Lorimer DENIS, was a resident of Springfield, Greene County, Missouri, in the Western District of Missouri.

For the calendar year 2023, DENIS, in the Western District of Missouri, filed, through his certified public accountant on March 10, 2025, with the Internal Revenue Service a United States Individual Income Tax Return, Form 1040, through which he reported a total income amount of $64,956. In relation to this Form 1040, on March 1, 2025, DENIS filed a Form 8879 authorizing his certified public accountant to electronically file his 2023 Form 1040. By signing this form, DENIS subscribed to this tax return, as he declared under penalties of perjury that the return was true and correct and acknowledged that a personal identification number was used as his signature for the actual return. However, DENIS willfully signed and subscribed to certain material matters, namely the income amount, knowing it was false. During the calendar year 2023, DENIS operated Springfield Property LLC, which leased and managed various properties in Springfield, Missouri. Springfield Property LLC would collect rental payments from businesses that it leased property to.

calendar year 2023, DENIS, through Springfield Property LLC, received an additional $57,391.06 in rent payments that he did not report in his 2023 United States Individual Income Tax Return. Therefore, he did not pay any taxes on this additional income. DENIS's false tax return led to unreported income in the amount of $57,391.06, which, in turn, led to tax due and owing to the Internal Revenue Service in the amount of $24,749.

For purposes of DENIS's plea to Count 2 of the Superseding Information, DENIS admits and agrees that, on or about March 10, 2025, he willfully made and subscribed a United States Individual Income Tax Return, for the calendar year 2023, which was verified by a written declaration that it was made under the penalties of perjury and which he did not believe to be true as to the material matter of reported income. DENIS further admits that he received income in addition to the $64,956 that he reported in such tax return and that he willfully did not report such additional income in the amount of $57,391.06.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment, as well as all other uncharged, related criminal activity, may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which he is pleading guilty.

5. **Statutory Penalties.** The defendant understands that, upon his plea of guilty to Count 1 of the Superseding Information, charging him a violation of 18 U.S.C. § 922(g)(9), that is, domestic violence misdemeanant in possession of a firearm, the maximum penalty the Court may impose is not more than 15 years' imprisonment, not more than 3 years' supervised release, a $250,000 fine, and a $100 mandatory special assessment per felony count of conviction, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony. The defendant also understands that, upon his plea of guilty to Count 2 of

Superseding Information, charging him with a violation of 26 U.S.C. § 7206(1), that is, filing a false tax return, the maximum penalties the Court may impose are 3 years' imprisonment, 1 year of supervised release, a fine of $250,000, the costs of prosecution of the offense, an order of restitution, and a $100 mandatory special assessment, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class E felony.

6. **Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable";

    b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. in addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to 3 years for Count 1, and up to 1 year for Count 2; the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

    d. if the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to 2 years for Count 1 and up to 1 year for Count 2, without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed 3 years for Count 1 and 1 year for Count 2, less the term of imprisonment imposed upon revocation of the defendant's first supervised release;

    e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range;

    f. any sentence of imprisonment imposed by the Court will not allow for parole;

g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

h. the defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court; and

i. the defendant agrees to abandon all interest in the Glock pistol bearing serial number BYME158 seized from him on or about August 21, 2024, and agrees to take whatever steps are necessary to abandon his interest in the Glock pistol bearing serial number BYME158. The defendant further agrees that he is the sole and rightful owner of the Glock pistol bearing serial number BYME158 and knows of no other person or entity with interest in the Glock pistol bearing serial number BYME158, and consents to its destruction or any other lawful disposition without further notice or obligation to the defendant. The defendant agrees to hold harmless the government, its officers, agencies, and any state or local agency to which the property is released, for the Glock pistol bearing serial number BYME158's destruction.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against the defendant for any federal criminal offenses related to domestic violence misdemeanant in possession of a firearm and filing a false tax return for which it has venue and which arose out of the defendant's conduct described above. The United States also agrees to jointly recommend with the defendant a 20-month sentence of imprisonment to the Court at sentencing for each of Counts 1 and 2, to be run concurrent to each other. Finally, the United States Attorney for the Western District of Missouri agrees to dismiss the superseding indictment returned on May 14, 2025, and the original indictment returned on August 28, 2024, at sentencing.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against

.e person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further understands and agrees that, if the Government elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8.     **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the counts to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement, or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that, if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range, or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

   a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable";

   b. The applicable Guidelines section for Count 1 is U.S.S.G. § 2K2.1. The applicable Guidelines sections for Count 2 are U.S.S.G. §§ 2T1.1 and 2T4.1, with a **base offense level of at least 12** (based on a tax loss greater than $15,000);

   c. In relation to Count 2, the parties agree that the defendant is subject to a **two-level** increase under U.S.S.G. § 2T1.1(b)(1) as he failed to report or to correctly identify the source of income exceeding $10,000 in 2023 from criminal activity;

   d. There is no agreement between the parties regarding any other applicable enhancements. The parties agree that the Court will determine any other applicable enhancements after receipt of the presentence investigation report prepared by the United States Probation Office and after the parties have had an opportunity to be heard on the applicable enhancements;

e. The defendant has admitted his guilt and clearly accepted responsibility for his actions, and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to a 3-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines, if the offense level prior to the operation of § 3E1.1(a) is level 16 or greater. Otherwise, he is entitled to a 2-level reduction pursuant to § 3E1.1(a). The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant: (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

f. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

g. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does **not** bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

h. The United States and the defendant agree to jointly recommend a 20-month sentence of imprisonment to the Court at sentencing for each of Counts 1 and 2, to be run concurrent to each other. The parties further agree to jointly recommend concurrent terms of supervised release of 3 years and 1 year for Counts 1 and 2, respectively. The agreement by the parties to recommend a concurrent 20-month sentence of imprisonment is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable;"

i. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the information. The defendant

also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

j. The defendant understands and agrees that the factual admissions contained in paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed upon Guidelines calculations contained in this agreement.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in paragraph 10 and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that, if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by the defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by the defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charges in the Superseding Information;

    c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentence imposed, and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the

sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

   d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

   a. the right to plead not guilty and to persist in a plea of not guilty;

   b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

   c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

   d. the right to confront and cross-examine the witnesses who testify against him;

   e. the right to compel or subpoena witnesses to appear on his behalf; and

   f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that, by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that, if he pleads guilty, the Court may ask him questions about the offenses to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands that he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

   a. The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this plea agreement, he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct; and

   b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

   a. In relation to Count 2, the defendant agrees to pay restitution of at least $24,749 for the tax loss to the Internal Revenue Service ("IRS"), pursuant to 18 U.S.C. § 3663(a)(3), which includes the loss related to the offense to which he is pleading guilty and the loss from uncharged related criminal activity, plus statutory interest calculated through the date of sentencing, said amount to be determined by the Court, payable to the following address:

   > IRS-RACS
   > Attn: Mail Stop 6261, Restitution
   > 333 West Pershing Avenue
   > Kansas City, Missouri 64108

   b. The defendant also agrees to pay restitution to the Missouri Department of Revenue in the amount of $2,165, plus statutory interest calculated through the date of sentencing, said amount to be determined by the Court, payable to the following address:

   > Missouri Department of Revenue –
   > Compliance Tax Investigation Bureau
   > P.O. Box 595
   > Jefferson City, Missouri 65105

c. The defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's fraudulent conduct;

d. The Court may order restitution to any victims of the offenses to which the defendant is pleading guilty. The defendant agrees that the Court may order restitution in connection with the conduct charged in any counts of the original or superseding indictment which are to be dismissed and all other uncharged, related criminal activity;

e. The defendant understands that the Court's restitution order in this case is criminal restitution, and does not include civil penalties that may be imposed and adjustments that may be made by the IRS in a civil examination of the defendant's taxes following the completion of the criminal case;

f. All restitution payments shall be paid by check, shall include this case number in the memo line, and shall be delivered to the Clerk's office or addressed to the Clerk's office at the following address:

> United States District Court Clerk's Office
> Western District of Missouri
> Charles Evans Whittaker Courthouse
> 400 E. 9th Street, Rm. 1510
> Kansas City, Missouri 64106

g. The defendant agrees to pay restitution as ordered by the Court in any restitution order entered pursuant to this plea agreement. The defendant further agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full;

h. The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS. The defendant further understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments;

i.  The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine;

j.  The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control, directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full;

k.  Within ten (10) days of the execution of this plea agreement, at the request of the United States Attorney's Office ("USAO"), the defendant agrees to execute and submit: (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility;

l.  At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets and restitution;

m.  The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence;

n.  The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of $200 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing;

o.  The defendant certifies that he has made no transfer of assets or property for the purpose of: (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; or (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future; and

p.  In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the

estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered plea of guilty shall remain in effect and cannot be withdrawn.

17. **Discovery Waiver.** The defendant waives the right to any further discovery or disclosures of information not already provided at the time of the entry of the guilty plea, other than information required to be disclosed under Federal Rule of Criminal Procedure 32(i)(2) and exculpatory or impeachment information casting doubt upon sentencing factors.

18. **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. **Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

20. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office, the Court, or the USAO that is intentionally misleading, incomplete or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however,

will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that, in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

21. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys, or any other party to induce him to enter his plea of guilty.

22. **Immigration Consequences.** The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to domestic violence misdemeanant in possession of a firearm and filing a false tax return, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a

separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States. Further, the defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea, and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or collateral attack of any kind challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

23. **Tax Consequences.**

    a.    Pursuant to 18 U.S.C. § 3663(a)(3), the defendant agrees to pay restitution to the Internal Revenue Service for the 2023 tax year, as set forth in the factual basis section of this plea agreement and in paragraph 16.

    b.    The defendant agrees that the total amount of restitution reflected in this agreement results from his fraudulent conduct, and he will be estopped in any subsequent administrative or judicial civil proceeding from denying his liability for the civil fraud penalty for the 2023 tax year, inclusive, under 26 U.S.C. § 6663.

    c.    The defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full. The Government will provide an updated interest figure at sentencing, which amount the defendant agrees will be included in the Court's restitution order.

    d.    The defendant agrees to file, prior to sentencing, complete and correct initial or amended tax returns for the calendar years 2023 and 2024, and that he will not file thereafter any claims for a refund of taxes, penalties, or interest for amounts attributable to the returns filed incident to the plea. If full payment cannot be made immediately, the defendant agrees to make a complete and

accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office.

24. **IRS Authority to Use Restitution Order as the Basis for a Civil Assessment.** If the Court orders the defendant to pay restitution to the IRS for the filing of false tax returns and the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment pursuant to 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

25. **No Undisclosed Terms.** The United States and the defendant acknowledge and agree that the above stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

26. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any

drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

**R. Matthew Price**
United States Attorney

Dated: 12·8·2025

By _____
**Stephanie L. Wan**
Assistant United States Attorney
Missouri Bar No. 58918

_____
**Casey Clark**
Assistant United States Attorney
Missouri Bar No. 57968

I have consulted with my attorneys and fully understand all of my rights with respect to the offenses charged in the Superseding Information. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorneys. I understand this plea agreement and I voluntarily agree to it.

Dated: 12/8/25

_____
**Marco Lorimer Denis**
Defendant

We are defendant Marco Lorimer Denis's attorneys. We have fully explained to him his rights with respect to the offenses charged in the Superseding Information. Further, we have reviewed with him the provisions of the Sentencing Guidelines which might apply in this case. We have carefully reviewed every part of this plea agreement with him. To our knowledge, Marco Lorimer Denis's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 12/8/25

_____
**Stace Bilyeu**
Attorney for Defendant

Dated: 12/8/25

_____
**Joseph Passanise**
Attorney for Defendant